# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **JUANITA McGRIFF**, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 6:04-cv-21 (HL) |
| **DECATUR COUNTY SHERIFF'S, OFFICE**, | : | |
| Defendant. | : | |

## ORDER

Plaintiff, Juanita McGriff, filed a complaint in this Court alleging she had been the victim of unlawful race discrimination and retaliation in violation of Title VII, 42 U.S.C.A. 2000(e). As part of the relief requested, Plaintiff's complaint seeks punitive damages. Defendant, Decatur County Sheriff's Office, has filed a Motion for Partial Summary Judgment [doc 38] asking the Court to determine as a matter of law that Plaintiff is not entitled to an award of punitive damages. Plaintiff has not filed a response to the Motion for Partial Summary Judgment.

In 1991, Congress enacted the Civil Rights Act of 1991 which provides, among other things, for the recovery of punitive damages for certain violations of Title VII. The Act is set forth at 42 U.S.C.A. § 1981a and, with respect to a determination of punitive damages, provides as follows:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C.A. § 1981a(b)(1) (West 2003).  As the foregoing suggests, Title VII plaintiffs may not recover punitive damages against governments and government agencies or political subdivisions.

Construing the punitive damages provision of § 1981a(b)(1), the United States Court of Appeals for the Fifth Circuit has held that an award of punitive damages against a sheriff in his official capacity "is inapposite to Congress's intent to preclude local government entities from paying such judgments."  Oden v. Oktibbeha County, Miss., 246 F.3d 458, 466 (5th Cir. 2001).  The court further held that a judgment against the sheriff that included a punitive damage award was "contrary to the express limits federal law imposes on judicial authority" and found that the district court committed plain error in awarding punitive damages.  Id. at 466.

A determination such as the one reached by the Fifth Circuit in Oden–that a sheriff's office is a government agency shielded from punitive damages awards in Title VII cases–is consistent with established case law barring punitive damages against municipalities and government agencies in other contexts.  Most notably, in City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981), the Supreme Court of the United States held that punitive damages are not recoverable against municipalities in 42 U.S.C.A. § 1983 cases.  Id. at 271, 101 S. Ct. at 2761.  The United States Court of Appeals for the Eleventh Circuit has held that the

reasoning of the decision in City of Newport "applies equally to a Sheriff's Department." Colvin v. McDougall, 62 F.3d 1316 (11th Cir. 1995). The court thus held in Colvin that a punitive damages award was barred against a sheriff in his official capacity in a § 1983 case. Id. at 1319. Relying on the decision in Colvin, the Eleventh Circuit noted without discussion in Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1322 n.14 (11th Cir. 2000), that plaintiffs in a Title VII action could not recover punitive damages against the Fulton County Sheriff in her official capacity.

In view of the limiting language contained in § 1981a(b)(1), as well as the general policy against awarding punitive damages to government agencies, including sheriff's offices, and in the absence of any controlling authority offered by Plaintiff to the contrary, the Court finds that an award of punitive damages against the Decatur County Sheriff's Office in this Title VII case would be improper. Therefore, Defendant's Motion for Partial Summary Judgment is hereby granted and Defendant is entitled to judgment as a matter of law with respect to the issue of a punitive damages award.

**SO ORDERED**, this the 9th day of August, 2005.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls